IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF PISCATAQUIS.

ARGUED AT JUNE TERM, 1844.

BENJAMIN P. GILMAN & al. *versus* SAMUEL VEAZIE.

Where the defendant signed a subscription paper, agreeing therein to pay a certain sum "for cutting the road from S. to C. provided J. H. G. (one of the plaintiffs) will agree to make a passable winter road the present season, to cut and bridge" :— *it was held*, that parol evidence was inadmissible to show a parol agreement, made at the same time, that the sum subscribed by the defendant should be paid to the plaintiffs ; and that they should make the necessary arrangements and contracts, superintend the expenditure of the money, and be responsible that the road should be made.

If the defendant signs a written contract, there can be no presumption of law, that another contract, not signed by him, and materially different from the first mentioned, constituted a part of the contract, so signed by the defendant, from the circumstance, that the two papers were seen, two or three weeks after the date, attached together by a wafer.

EXCEPTIONS from the Eastern District Court, ALLEN J. presiding.

At the trial, the plaintiff offered in evidence the paper marked A. It was excluded by the presiding Judge. The plaintiff then read in evidence the paper marked B, and proved that the papers marked A and B were seen wafered together two or three weeks after the date of the latter ; and then offered again the paper A, and it was again rejected.

The plaintiff then offered to prove, that at the time the defendant signed the paper B, it was agreed, the defendant as-

senting thereto, that the subscriptions should be paid to the plaintiffs, and that they should see to the expenditure of the money and the opening of the road referred to, and make the necessary contracts and arrangements therefor, and be responsible that the road should be made, and that the plaintiffs assented to this agreement, " and in pursuance of said agreement, did so." And they further offered to prove, that the defendant owned a township of land through which the road passed, and was benefitted by it; and that the road was completed according to contract, and at an expense beyond the whole amount of the subscriptions.

The Judge was of opinion, that if these facts were proved the action could not be sustained, and excluded the evidence; and, no more being offered, ordered a nonsuit. The plaintiffs filed exceptions.

A copy of the paper A, which was not signed by the defendant, follows. " Sebec, Sept. 1842. For a valuable consideration paid us by B. P. Gilman & Co. we agree to pay the sums set opposite our names to said Gilman & Co. for the purpose of cutting out and opening the road recently located from Sebec village to the head of Chesuncook Lake by Gilmore, Barker and others, under the direction of said Benjamin P. and John H. Gilman, to be paid in labor, produce or money." No day of the month was inserted.

Paper B, signed by the defendant and several others, was as follows: —

" We, the subscribers, hereby agree to pay the several sums set against our names, in cutting the road from Sebec to Chesuncook Lake, as laid out by R. Gilmore and others, provided Mr. John H. Gilman will agree to make a passable winter road the present season, to cut and bridge. Bangor, Sept. 28. 1842.

*S. H. Blake* argued for the plaintiffs, and cited *Brown* v. *Gilman,* 13 Mass. R. 158; *Farmington Academy* v. *Allen,* 14 Mass. R. 172; *Williams College* v. *Danforth,* 12 Pick. 541; *Homes* v. *Dana,* 12 Mass. R. 190; *Wilkinson* v. *Scott,*

17 Mass. R. 249; *Davenport* v. *Mason*, 15 Mass. R. 85; 3 Stark. Ev. 1002, 1054.

*Cutting* argued for the defendant.

The opinion of the Court was by

SHEPLEY J. — This suit was commenced by Benjamin P. Gilman and John H. Gilman to recover the sum of one hundred dollars subscribed by the defendant to aid in the construction of a winter road from Sebec to the Chesuncook lake. The writ contains four counts. The first is indebitatis assumpsit, for money laid out and expended; the second for labor and service performed; the third is upon the subscription paper marked A; and the fourth upon the subscription paper marked B. The latter is an informal conditional contract with John H. Gilman only, to pay one hundred dollars, provided he "will agree to make a passable winter road the present season, to cut and bridge," from Sebec to Chesuncook lake as laid out by R. Gilmore and others. This would not authorize the two plaintiffs to maintain this suit. They offered to prove a parol agreement made at the same time, that the sum subscribed by the defendant should be paid to them, that they should make the necessary arrangements and contracts, superintend the expenditure of the money, and be responsible, that the road was made. Such testimony could only prove an agreement made at the same time, and different from the written agreement, or subscription, signed by the defendant; and it could not have been legally admitted. The contract or subscription paper, marked A, was not subscribed by the defendant, or referred to in the one, which he did subscribe; and it differs from that one by being a contract with B. P. Gilman & Co. instead of with one member of the firm; by providing that the amount subscribed might be paid in labor or produce; and by the ·omission of any stipulation, that the road should be made passable that season. No presumption could arise, that one so differing from it constituted a part of the contract subscribed by the defendant, because the papers, on which they were written, were found two or three weeks afterward

connected together by wafers. The paper, marked A, was not therefore by any connexion with the defendant admissible as testimony against him. This action in the name of two persons, cannot be sustained upon the contract or paper signed by the defendant, or by the aid of the other contract made with the firm, which he did not subscribe. Nor can it be sustained by the proof relating to the counts for money paid and labor performed. Although the defendant may have derived benefit from the use of the road, there is no legal testimony to prove, that the plaintiffs expended money, or performed labor, at his request. Nor is there any testimony offered, which would prove, that they have in fact expended their own money, or performed labor upon that road. The contract marked C, between them and Cilley and Nelson, did not oblige them to pay any money or perform any labor. They thereby only agree, that Cilley and Nelson " shall have the entire benefit derived or to be derived from said subscriptions." The expenditure of money or performance of labor by Cilley and Nelson under that contract, cannot sustain the counts for money expended and labor performed by the plaintiffs.

*Exceptions overruled.*